UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN JENKINS,

    Petitioner,

v.                                                  Case No. 8:20-cv-1014-KKM-MRM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

## ORDER

Marvin Jenkins, a Florida prisoner, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 based on alleged failures of his trial counsel and alleged errors of the state courts. (Doc. 1.) Having considered the petition, (*id.*), the accompanying motion, (Doc. 2),[1] the response opposing the petition as time-barred, (Doc. 10), the reply, (Doc. 11), Respondent's sur-reply, (Doc. 13), and the response to the sur-reply, (Doc. 14), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, Jenkins is also not entitled to a certificate of appealability.

---

[1] When he filed his petition, Jenkins also filed a "motion for 'cause' demonstrating why his § 2254 petition is untimely." (Doc. 2.) The Court denied the motion without prejudice. (Doc. 8.) The Court now considers Jenkins's arguments in the motion that were raised in support of his claim for equitable tolling.

1

I. **BACKGROUND**

A state court jury convicted Jenkins of robbery with a firearm and armed burglary of a dwelling. (Doc. 10-2, Ex. 6.) The state court sentenced him to life in prison. (*Id.*, Ex. 7.) The state appellate court per curiam affirmed the judgment and sentence. (*Id.*, Ex. 11.) Jenkins's motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 was denied. (*Id.*, Exs. 13 & 23.) The state appellate court per curiam affirmed, and denied Jenkins's motion for rehearing. (*Id.*, Exs. 27, 29 & 30.)

II. **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

**A. The Petition's Untimeliness Under 28 U.S.C. § 2244(d)**

The state appellate court affirmed Jenkins's convictions and sentences on December 12, 2014. (Doc. 10-2, Ex. 11.) His conviction became final 90 days later, on March 12,

2015, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). After 347 days of untolled time passed, on February 23, 2016, Jenkins filed his motion for postconviction relief. (Doc. 10-2, Ex. 13.) The state appellate court issued its mandate on July 22, 2019. (*Id.*, Ex. 28.)

Before that date, on July 15, 2019, Jenkins constructively filed a motion for rehearing by providing it to prison officials for mailing; the motion was not docketed in the state appellate court until after the mandate issued. (*Id.*, Ex. 29, p. 1.) As Respondent concedes, the postconviction proceeding remained "pending" for statutory tolling purposes until Jenkins's motion for rehearing was denied on March 9, 2020. (*Id.*, Ex. 30.)

When the AEDPA limitation period began running again the next day, Jenkins had 18 days to file his § 2254 petition. Therefore, his petition was due by March 27, 2020. Jenkins's petition, filed one month later on April 27, 2020, is untimely under § 2244(d).

### B. Equitable Tolling

Jenkins asserts that he is entitled to equitable tolling based on his physical and mental health, separation from his legal materials, and prison quarantines and restrictions due to COVID-19. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

3

extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner" and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268. The applicability of equitable tolling is determined on a case-by-case basis. *See Holland*, 560 U.S. at 649-50.

### 1. Physical and Mental Health

Jenkins seeks equitable tolling for a total of nine months of time between the conclusion of his direct appeal and the filing of his postconviction motion in state court.

Jenkins's judgment became final on March 12, 2015, and he filed his postconviction motion on February 23, 2016. He asserts that during this time, he experienced "incompetency issues, and life threating heart problems." (Doc. 2, p. 1.) He contends that "his mental disorder(s) had him hospitalized in prison infirmaries, and outside hospitals" for a total of nine months "between the end of his direct appeal to the filing of his" postconviction motion. (*Id.*, pp. 1-2.) Jenkins asserts that his mental health issues rendered him "legally and factually insane." (*Id.*, p. 2.)

The state court record supports Jenkins's assertion that he has experienced mental health concerns. The trial court docket shows that prior to trial, Jenkins was initially adjudicated incompetent to proceed. (Doc. 10-2, Ex. 1.) Similarly, after counsel was appointed to represent Jenkins for his postconviction proceedings, the state court ordered that he be evaluated to determine competency. (*Id.*, Ex. 19.) Jenkins was adjudicated incompetent to proceed and was committed to the Department of Children and Families to be placed in a mental health treatment facility. (*Id.*, Ex. 21.) The state court later found that Jenkins was competent, and proceeded to resolve his postconviction motion. (*Id.*, Exs. 21 & 22.)

A petitioner's allegation of mental incompetence raised in support of equitable tolling must establish a "causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005).

"[M]ental impairment is not a per se reason to toll a statute of limitations. . . . [T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). As addressed, "mere conclusory allegations are not sufficient to raise the issue" of equitable tolling. *San Martin*, 633 F.3d at 1268.

While Jenkins states that he spent months in and out of prison infirmaries and mental health facilities during the relevant period, he has not provided specific information about the circumstances or dates of his confinement. Further, Jenkins was able to timely file a postconviction motion in state court after such confinement. He has not established that his mental health status caused the untimely filing of his § 2254 petition. *See Lawrence*, 421 F.3d at 1226; *Hunter*, 587 F.3d at 1308. Similarly, Jenkins references "heart problems" but does not offer details about this situation or explain how it prevented him from timely filing his § 2254 petition. Jenkins has not demonstrated that physical or mental health issues between the conclusion of his direct appeal and the filing of his state postconviction motion constitute an extraordinary circumstance warranting equitable tolling.

### 2. Separation From Legal Materials

Jenkins asserts that he was separated from his legal materials between the time his direct appeal concluded and the time he filed his postconviction motion. A prisoner's

inability to access his legal papers is not a basis for equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (stating that precedent "suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate" and rejecting the petitioner's claim that separation from his legal papers upon transfer to another prison was an extraordinary circumstance (citing *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000))); *Miller v. Florida*, 307 F. App'x 366, 367-68 (11th Cir. 2009) (affirming the dismissal of a habeas petition as untimely and stating that "even restricted access to a law library, lock-downs, and solitary confinement," along with a lack of legal training and inability to obtain legal assistance generally do not qualify as circumstances warranting equitable tolling). Further, although Jenkins states he was without legal materials, he was still able to timely file his postconviction motion in state court. He has not demonstrated that a lack of legal materials caused the untimely filing of his § 2254 petition. Jenkins has not shown that a separation from his legal materials is an extraordinary circumstance warranting equitable tolling.

### 3. COVID-19 Quarantines and Restrictions

In his reply, Jenkins asserts that he is entitled to equitable tolling for periods in March and April 2020 when he was subject to COVID-19 quarantines in prison. He states that the quarantines were from March 17, 2020, to March 31, 2020, and from April 10,

7

2020, to April 24, 2020. (Doc. 11, p. 5.) He states that when he was released from the second quarantine, he had his petition copied and mailed to the Court. (*Id.*)

If Jenkins is entitled to equitable tolling for the identified quarantine periods, his petition would be timely. After his motion for rehearing was denied on March 9, 2020, thereby concluding his postconviction proceeding, 7 days of untolled time passed before the first quarantine started on March 17, 2020. At that point, 11 days remained on Jenkins's AEDPA limitation period. After the first quarantine ended on March 31, 2020, another 8 days of untolled time passed before the second quarantine began on April 9, 2020. When the second quarantine ended on April 24, 2020, 3 days remained on the AEDPA limitation period. Therefore, Jenkins's petition, filed three days later on April 27, 2020, would be considered timely if equitable tolling applies during the COVID-19 quarantines.

In his response to the sur-reply, Jenkins also argues that he is entitled to equitable tolling in March and April 2020 because of restrictions related to COVID-19. Jenkins contends that "way before" March 10, 2020, when his AEDPA limitation period resumed following the conclusion of his state postconviction proceeding, the Department of Corrections implemented a policy which only allowed inmates with court ordered deadlines to access the law library. (Doc. 14, p. 1.) Jenkins contends that he could not access the

prison law library "to research and properly prepare his Petition because he did not have a court ordered deadline." (*Id.*, p. 2.)

Jenkins argues that he qualifies for equitable tolling for the COVID-19 quarantines and restrictions because he lacked access to the prison law library and prison law clerks. But a lack of access to legal materials and legal assistance and restrictions such as lockdowns do not qualify as exceptional circumstances warranting equitable tolling. *See Dodd*, 365 F.3d at 1282-83; *Miller*, 307 F. App'x at 367-68. Jenkins has not established that the equitable tolling analysis should be different because the lockdowns and restrictions were due to COVID-19. As addressed, equitable tolling is a rarely used remedy that applies only when a truly extraordinary circumstance prevented a petitioner from timely filing his § 2254 petition despite his diligence. *See Johnson*, 340 F.3d at 1226; *Steed*, 219 F.3d at 1300.

The Eleventh Circuit has not addressed this question in an opinion, but this Court notes that it has done so in orders denying motions for a certificate of appealability. In one such order, the court stated that in accord with precedent, "lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling." *Powell v. United States*, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022). In another order, the court stated that the petitioner "could not show extraordinary circumstances, as his circumstances were not different than any other prisoner attempting to access legal resources, as they all were

9

subject to COVID-19 protocols." *Rush v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021).

Jenkins has not established that the COVID-19 quarantines or restrictions at his prison amount to an extraordinary circumstance that prevented him from timely filing his § 2254 petition despite the use of diligence. Accordingly, his § 2254 petition is time-barred.[2]

## III. CERTIFICATE OF APPEALABILITY

Jenkins is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Jenkins must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Jenkins cannot satisfy the second prong of the *Slack* test. As Jenkins is not entitled to a COA, he is not entitled to appeal in forma pauperis.

---

[2] Jenkins does not argue that his untimely petition may be considered on the basis that new evidence demonstrates his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

The Court therefore **ORDERS** that Jenkins's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Jenkins and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 25, 2023.

Kathryn Kimball Mizelle
United States District Judge